IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELISSA AMSTER, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOD SAMARITAN SOCIETY, INC.,<br><br>Defendant. | Case No. 15-9272-JAR-JPO |

## MEMORANDUM AND ORDER

Plaintiff Melissa Amster worked for Defendant Evangelical Lutheran Good Samaritan Society ("Evangelical"), for approximately thirty-three weeks. As compensation for her services, she was to be paid an hourly rate of $30.00. Among other claims, Plaintiff asserts that she was not properly compensated for all hours worked, including overtime. Plaintiff alleges several federal and state law claims against Evangelical, including that she was not fully paid under the Fair Labor Standards Act ("FLSA"). Before the Court is Plaintiff's Motion to Approve Settlement (Doc. 19). In her motion, Plaintiff represents that the parties have confidentially resolved all claims, and asks this Court to approve the settlement of her FLSA claim.

### I.    Background

Plaintiff filed this collective action on September 17, 2015, under § 216(b) of the FLSA; she amended her complaint on December 29, 2015, after Defendant moved to dismiss the Complaint. On June 13, 2016, Defendant moved to compel arbitration, which is currently pending. In the interim, the parties have settled all claims and are now asking this Court to approve the settlement as to the FLSA claim, as required under the Act.

**II.     Discussion**

A settlement of claims under the FLSA must be presented to the Court for review and a determination of whether the settlement is fair and reasonable.[1] In order to approve the settlement, "the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned. The Court may enter a stipulated judgment only after scrutinizing the settlement for fairness."[2] And the settlement agreement must contain an award of reasonable attorneys' fees.[3]

**A.     Bona Fide Dispute**

The settlement of the instant action involves a bona fide dispute. The nature of the dispute is whether Defendant paid Plaintiff for all time worked, and whether the Defendant's failure to pay was "intentional" under the FLSA. Plaintiff was an hourly employee and claims that she was not properly compensated for all hours worked. Defendant disputes this allegation and contends Plaintiff was paid for all hours worked, including overtime. In addition, Defendant claims that the parties entered into an arbitration agreement, a contention that Plaintiff disputes. These disputes are set forth in the Plaintiff's brief in support of settlement approval, Plaintiff's Complaint, Plaintiff's Amended Complaint, and Defendant's Motion to Compel Arbitration.

The parties also dispute the amount of time worked by the Plaintiff. Defendant contends that all hours worked were correctly accounted for, and Plaintiff was paid accordingly. Plaintiff claims approximately one unpaid overtime hour per workweek, for the 33-week duration of her employment. Thus, Plaintiff claims she is due $2,970.00 (one hour of unpaid overtime per week at $45.00 per hour, which is $30.00 per hour at time-and-a-half for thirty-three weeks, doubled

---

[1] *See, e.g.*, *Peterson v. Mortgage Sources, Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

[2] *Id.* (citations omitted).

[3] *Id.*; *see* 29 U.S.C. § 216(b).

per the liquidated damages provided by the FLSA). But Defendant's computation is -0- hours, and consequently, $0.00.

Further, Defendant claims Plaintiff entered into a valid and enforceable arbitration agreement; Plaintiff disputes entering into such an agreement, and even if she did, she disputes its enforceability and conscionability. The Court finds that these issues present a bona fide dispute.

### B. Fair and Reasonable

The Court has reviewed the parties' settlement agreement and finds that the settlement proposed by the parties is fair and reasonable. This case involves serious questions of fact and law, which make the outcome of continued litigation uncertain. The proposed settlement accounts for all of Plaintiff's claimed unpaid hours, and all expenses, penalties and fees. Moreover, the Court finds that the Settlement was honestly and fairly negotiated, and the terms of the Settlement are reasonable and fair.

Despite having difficulty ascertaining the exact amount of Plaintiff's unpaid overtime, and whether Defendant's failure to pay was intentional, the parties agreed to a settlement based on the number of workweeks the Plaintiff was employed by Defendant, and Defendant agreed to pay Plaintiff one overtime hour per week—$45.00 ($30.00 x 1.5)—regardless of whether the Plaintiff even put in forty hours in that particular workweek. The rationale for this is was to best approximate the value of the Plaintiff's "best day in Court," for her overtime claim, and pay her accordingly. Moreover, the Court finds that the release set forth in ¶ 5(b) of the settlement agreement is fair and reasonable.

### C. Attorneys' Fees

Plaintiff seeks unopposed attorneys' fees and expenses in the amount of $2530 related to

3

her wage and hour claims, including her claims under the FLSA.[4]  In her motion, Plaintiff sets forth the factors Kansas courts use to determine the reasonableness of attorney fee requests,[5] which are in line with the factors announced in *Johnson v. Georgia Highway Express, Inc.*,[6] that are often applied to fee requests on federal claims.  For substantially the same reasons set forth in Plaintiff's motion, which is supported by the billing records and counsel's affidavit,[7] the Court finds that $2530 is reasonable.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Approve Settlement (Doc. 19) is **granted**.  The parties shall submit to the Court a proposed order of dismissal with prejudice.

**IT IS SO ORDERED.**

Dated: September 19, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[4] The settlement agreement provides for a greater attorney fee award to Plaintiff's counsel, however the balance of that award is in payment of fees and costs related to her other claims.

[5] Kan. S. Ct. Rule 226, KRPC 1.5(a); *see Johnson v. Westhoff Sand Co., Inc.*, 135 P.3d 1127, 1135 (Kan. 2006).

[6] 488 F.2d 714 (5th Cir. 1974).

[7] Doc. 20-1; billing records submitted *in camera*.